**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
**-------------------------------------------------------------X**

In re

       **CARLOS AND MARIA LOPEZ,**           Chapter 7
                                                                 Case No. 1-10-43115-jf

                Debtors.

**-------------------------------------------------------------X**

**RICHARD E. O'CONNELL**, as Chapter 7
**Trustee of the Estate of Carlos and Maria Lopez,**

                Plaintiff.

                                                                 Adv. Pro. No. 1-10-1184-jf

    - against-

**JP MORGAN CHASE BANK NATIONAL**
**ASSOCIATION,**

                Defendant.
**-------------------------------------------------------------X**

## DECISION AND ORDER DENYING TRUSTEE'S MORTGAGE AVOIDANCE MOTION
## AND DISMISSING ADVERSARY PROCEEDING

**APPEARANCES:**

    Richard E. O'Connell, Esq.                          Evan Wiederkehr, Esq.
    Yost & O'Connell                                           DelBello Donnellan Weingarten
    24-44 Francis Lewis Blvd.                           1 North Lexington Avenue
    Whitestone, New York 11357               White Plains, New York 10601
                                                               Attorney for JP Morgan Chase
                                                              Bank National Association

Richard E. O'Connell, the Chapter 7 trustee ("Trustee"), instituted this adversary proceeding against JPMorgan Chase Bank National Association ("Chase") pursuant to 11 U.S.C. § 544(a)(3), New York Real Property Law § 291, 11 U.S.C. § 549(a)(1) and 11 U.S.C. § 551, seeking to avoid and preserve for the benefit of the estate a senior mortgage ("First Mortgage") held by Chase that was incorrectly recorded pre-petition. The error in recording was corrected post-petition. Chase is also the holder of a subordinate mortgage ("Second Mortgage") on the subject property that was properly recorded pre-petition, the text of which strongly intimates the existence of the First Mortgage.

Before the Court is a joint motion filed by the Trustee and Chase for judgment on stipulated facts. The Trustee seeks a judgment of avoidance in respect of the First Mortgage, asserting that i) the Trustee should be accorded the status of a bona fide purchaser of real property without notice of the First Mortgage at the time of the commencement of the bankruptcy case under the Bankruptcy Code's strong-arm statute, and that the First Mortgage should therefore be vitiated; and ii) the post-petition recordation of the First Mortgage constitutes an impermissible post-petition transfer of property of the estate. Chase rejects the notion that the Trustee be deemed a bona fide purchaser without notice of the First Mortgage in light of the properly recorded Second Mortgage referring to an existing senior lien, and denies that the post-petition recordation of the First Mortgage was impermissible. Accordingly, it seeks judgment denying the Trustee's motion and dismissing the complaint.

For the reasons hereinafter set forth, the Trustee is chargeable with notice of the First Mortgage, and therefore cannot obtain the status of a bona fide purchaser of real property under § 544(a)(3). Accordingly, we deny the Trustee's motion seeking a judgment of avoidance and grant Chase's motion seeking dismissal of the adversary proceeding.

Having determined that the Trustee is precluded from obtaining bona fide purchaser status and that the First Mortgage held by Chase withstands the Trustee's assault on its enforceability as of the inception of the bankruptcy case, whether the post-petition recordation of the First Mortgage constitutes a post-petition transfer of estate property avoidable under § 549(a)(1) by the Trustee is an academic question which we decline to address.

**I.**

On April 12, 2010, Carlos and Maria Lopez ("Debtors") commenced a bankruptcy case with their filing of a petition under Chapter 13 of the Bankruptcy Code. The case was converted to Chapter 7 on May 24, 2010 and Richard E. O'Connell was appointed Trustee.

The Debtors acquired title to a one family residential property located at 30-36 84th Street, East Elmhurst, New York ("84th Street Property") by Executor's Deed, dated September 8, 2004. The 84th Street Property is located in the Borough of Queens and identified in the New York City real property records as Block 1381, Lot 23. At the time of their acquisition of title to the 84th Street Property, the Debtors borrowed $280,000 from Chase to finance the purchase, evidenced by a note executed by the Debtors in favor of Chase. In consideration of and in order to secure the $280,000 loan, the Debtors gave a First Mortgage to Chase on the 84th Street Property.

On December 3, 2004, for the purpose of recording the First Mortgage in the Office of the City Register of the City of New York, Queens County, ("City Register") on behalf of Chase, a City Register Recording and Endorsement Cover Page was prepared and pre-fixed to the First Mortgage. The cover page erroneously described the property encumbered by the First Mortgage as Block 1381, Lot 2, a property located at 30-05 83rd Street, East Elmhurst, New York ("83rd Street Property"). Based on the cover page, on December 14, 2004, the City Register

recorded the First Mortgage against Block 1381, Lot 2, i.e., in the chain of title for the 83rd Street Property. As of the commencement of the bankruptcy case on April 12, 2010, the First Mortgage was not recorded in the chain of title for the 84th Street Property; it continued to be erroneously recorded against the 83rd Street Property.

On March 6, 2006, the Debtors obtained a $200,000 home equity line of credit from Chase, secured by the Second Mortgage on the 84th Street Property. Unlike the First Mortgage, the Second Mortgage was correctly recorded against Block No. 1381, Lot 23, i.e., the 84th Street Property on March 24, 2006. Thus, as of the commencement of the bankruptcy case on April 12, 2010, the Second Mortgage was properly recorded against the 84th Street Property. At page one, the Second Mortgage, in pertinent part, states the following:

> **Existing Indebtedness**. The words 'Existing Indebtedness' mean the indebtedness described in the Existing Liens [sic] provision of this Security Instrument.

At page three, the Second Mortgage, in pertinent part, provides the following:

> **Existing Indebtedness.** The following provisions concerning Existing Indebtedness are a part of this Security Instrument.
>
> **Existing Lien.** The lien of this Security Instrument securing the Sums Secured may be secondary and inferior to the lien securing payment of an existing obligation. The existing obligation has a current principal balance of approximately $275,374.

Post-petition, on or about June 25, 2010, upon written request submitted on behalf of Chase, the City Register corrected the prior recording error by indexing the First Mortgage against Block 1381, Lot 23, corresponding to the 84th Street Property, rather than, as had been the case since December 14, 2004, against Block 1381, Lot 2, corresponding to the 83rd Street Property.

**II.**

A trustee under 11 U.S.C. § 544(a)(3) is vested with the avoidance powers, as of commencement of the bankruptcy case, possessed by a bona fide purchaser of real property from the debtor. In relevant part, § 544(a)(3) provides that:

> The trustee . . . may avoid a transfer of property of the debtor that is voidable by . . . a bona fide purchaser of real property . . . from the debtor . . . that obtains the status of a bona fide purchaser at the time of the commencement of the case whether or not such purchaser exists.

Thus, the Trustee could avoid the First Mortgage on the 84th Street Property if a hypothetical bona fide purchaser of the property from the Debtor on the date the bankruptcy commenced could do so. The requirements for bona fide purchaser status are governed by the substantive state law pertaining to the subject property. *McKenzie v. Irving Trust Co.*, 323 U.S. 365, 371, 65 S.Ct. 405, 408 (1945); *Chase Manhattan Bank v. Taxel (In re Deuel)*, 594 F.3d 1073, 1078 (9th Cir. 2010); *Arnold v. Bank of New York Trust Co. (In re Badagliacca)*, 403 B.R. 288, 292 (Bankr. W.D.N.Y. 2009); *In re Bygraph*, 56 B.R. 596, 602 (Bankr. S.D.N.Y. 1986).

The precepts governing bona fide purchaser status are generally set forth in each state's recording statutes. Under New York law, a bona fide purchaser is required to have purchased in good faith without notice for valuable consideration. *Hardway Restaurant, Inc. v. Once Upon a Stove, Inc. (In re Hardway Restaurant, Inc.)*, 31 B.R. 322, 327 (Bankr. S.D.N.Y. 1983). New York's recording statute, Real Property Law § 291, provides in pertinent part:

> A conveyance of real property within the state . . . may be recorded in the office of the clerk of the county where such property is situated. . . . Every such conveyance not recorded is void as against any person who subsequently purchases . . . the same real property . . . in good faith and for valuable consideration, from the same vendor. . . .

Under this statute, an unrecorded conveyance of an interest in real property is deemed void as against a subsequent good faith purchaser for value without actual or constructive notice of the prior conveyance. *Andy Assoc., Inc. v. Bankers Trust Co.,* 49 N.Y.2d 13, 16, 399 N.E.2d 1160, 1162 (1979). Implicit in the good faith requirement is the absence of actual or constructive notice of the prior conveyance.

### III.

The dispositive issue in this litigation between the Trustee and Chase is whether the Trustee is charged with notice of the First Mortgage on the 84th Street Property at the time of the filing by the Debtors of their bankruptcy petition on April 12, 2010. There is no question that under New York law a properly recorded real property mortgage provides constructive, if not actual notice to anyone who subsequently acquires an interest in that property. It is also undisputed that mortgages recorded against wrong properties do not constitute constructive notice under New York law. *See, e.g., Coco v. Ranaletta,* 305 A.D.2d 1082, 759 N.Y.S.2d 274 (4th Dep't 2003); *Baccari v. De Santi*, 70 A.D.2d 1082, 431 N.Y.S.2d 829 (2d Dep't 1979).

The dispute between the Trustee and Chase in this case hinges on the notice implications, if any, of the correctly recorded Second Mortgage that makes reference to an existing senior lien. In the opinion of the Trustee, the erroneous recordation of the First Mortgage outside the chain of title of the 84th Street Property is fatal to Chase. At the inception of the bankruptcy case, the First Mortgage was wrongly reflected in the chain of title of the 83rd Street Property and as a result could not provide constructive notice of such encumbrance on the 84th Street Property. The First Mortgage, according to the Trustee, was unrecorded as to the 84th Street Property when the petition was filed and this defect could not be cured by an extrinsic instrument, the Second Mortgage. On the other hand, Chase contends that the pre-petition recorded Second Mortgage

on the 84th Street Property provides constructive notice of the First Mortgage on that property, thereby precluding the Trustee from successfully asserting the bona fide purchaser status that is required under § 544(a)(3).

The Trustee's position is anchored on a trilogy of cases stretching back to the nineteenth century holding that, under New York law, a recorded mortgage that makes reference to a prior unrecorded mortgage cannot give constructive notice of the prior unrecorded mortgage. *Comfi Homes Corp. v. Goldsmith*, 256 A.D. 1073, 11 N.Y.S.2d 568 (2d Dep't 1939); *People's Trust Co. v. Tonkonogy* 144 A.D. 333, 128 N.Y.S. 1056, (2d Dep't 1911); *Todd v. Eighmie*, 4 A.D. 9, 38 N.Y.S. 304 (1st Dep't 1896). Reliance of the Trustee on these cases is misplaced. The underlying premise of these decisions is the general principle that a subsequent purchaser is not chargeable with constructive notice of conveyances that are recorded outside his direct chain of title. However, there are situations when application of this general rule would not be warranted. *See Andy Assoc., Inc.,* 49 N.Y.2d at 16, 399 N.E.2d at 1161.

Under New York law constructive notice consists of what may be revealed by an examination of the record or reasonable inquiry on the basis of all the circumstances. *See, Rieber v. Option One Mortgage Corp.*, 344 B.R. 28, 32 (W.D.N.Y. 2006); *Mosello v. AlI, Inc. (In re Mosello),* 193 B.R. 147, 151 (S.D.N.Y. 1996); *In re Bygraph, Inc.,* 56 B.R. at 602; *Varon v. Trimble, Marshall & Goldman (In re Euro-Swiss International Corp.),* 33 B.R. 872, 882 (Bankr. S.D.N.Y. 1983). In localities such as New York City that use the "block and lot" system of recordation, a person acquiring an interest in realty is deemed to have constructive notice of matters indexed under block and lot numbers corresponding to the premises, regardless of whether such information appeared in the direct chain of title of such premises. *Washington Temple of God in Christ, Inc. v. Global Props & Assoc., Inc.*, 55 A.D.3d 727, 865 N.Y.S.2d 641

(2d Dep't 2008); *Astoria Fed. Sav. & Loan Ass'n v. June*, 190 A.D.2d 644, 593 N.Y.S.2d 250 (2d Dep't 1993); *See Andy Assoc., Inc.,* 49 N.Y.2d at 23.  As pointed out by the Appellate Division, Second Department, in *Astoria Fed. Sav. & Loan Ass'n.* at 190 A.D.2d at 645, 593 N.Y.S.2d at 252 and reiterated by that Court in *Fairmont Funding v. Stefansky*, 301 A.D.2d 562, 564, 754 N.Y.S.2d 54, 56 (2d Dep't 2003):

> A purchaser who has completed the examination of the basic conveyances comprising the chain of title must ascertain whether the property is encumbered by mortgages.  The intended purchaser must be presumed to have investigated the title, and to have examined every deed or instrument properly recorded, and to have known every fact disclosed or to which inquiry suggested by the record would have led.  If the purchaser fails to use diligence in examining the title, he or she is chargeable, as a matter of law, with notice of the facts a proper inquiry would have disclosed. [Internal Citations Omitted].

Similarly, albeit in a different factual context, the New York Court of Appeals emphasized, as far back as 1897, based upon even earlier precedent that:

> [W]here here a purchaser of land has knowledge of any facts sufficient to put him upon inquiry as to the existence of some prior right, or some title, in conflict with that he is about to acquire, he is presumed, either to have made inquiry and ascertained the extent of such prior rights, or to have been guilty of a degree of negligence equally fatal to his claim to be considered a *bona fide* purchaser.

*Anderson v. Blood*, 152 N.Y. 285, 293, 46 N.E. 493, 495 (1897).

In this case, the First Mortgage was indexed in the chain of title for the 83rd Street Property under an erroneous lot number.  Nevertheless, the Second Mortgage was properly recorded and indexed in the chain of title for the 84th Street Property under the correct lot number.  The required examination of the Second Mortgage by a hypothetical purchaser, would have revealed

a reference to a senior encumbrance on the 84th Street Property. The Trustee, standing in the shoes of a hypothetical purchaser, is charged with both the duty to make further inquiry to determine the status of that senior encumbrance and with notice of the facts that a proper inquiry would have disclosed. Under the circumstances, the Trustee is imputed with constructive notice of the First Mortgage and cannot claim to be a bona fide purchaser under § 544(a)(3).

## IV.

As indicated above, The First Mortgage was unrecorded in the chain of title for the 84th Street Property at the commencement of the bankruptcy case. The objective of Real Property Law § 291 is two-fold, to protect innocent purchasers and to create a public record of conveyances. *Andy Assoc., Inc.,* 49 N.Y. at 20, 399 N.E. at 1164. The Trustee argues that constructive notice of the unrecorded First Mortgage from the subsequent reference to the First Mortgage in the recorded Second Mortgage would defeat the purposes of Real Property Law § 291, New York's recording statute. Although having surface appeal, this argument succumbs to closer scrutiny. The Second Mortgage was properly recorded in the chain of title for the 84th Street Property. This recorded fact, coupled with the duty of a bona fide purchaser to examine every instrument properly recorded within the chain of title, should cure the Trustee's fear of undermining the purposes of Real Property Law § 291. *See Astoria Fed. Sav. & Loan Ass'n,* 49 N.Y. at 20, 399 N.E. at 1164*; Fairmont Funding,* 301 A.D.2d at 563-64, 754 N.Y.S.2d at 56; *Perosio v. NBT Bank Nat. Ass'n,* 364 B.R. 868, 873-74 (N.D.N.Y. 2006).

Even if the recording of the Second Mortgage could, as a matter of law, furnish constructive notice of the First Mortgage, the Trustee argues that the reference in the Second Mortgage to a senior lien is equivocal and, as such, does not constitute constructive notice of the First Mortgage. The Trustee contends that the Second Mortgage only says that it "may be

secondary and inferior to the lien securing payment of an existing obligation . . . [having] a current principal of approximately $275,734." In so doing, Chase failed to identify itself as the senior lender, to identify the senior lien as the First Mortgage, and to clarify the ambiguity created by use of the terminology "may be." This argument has no merit. Clearly, the facts disclosed in the Second Mortgage should excite the suspicion of an ordinarily prudent person, triggering an inquiry into possible adverse interests, and to the extent a purchaser ignores those facts he would be guilty of a degree of negligence that is fatal to an assertion of bona fide purchaser status. *See Booth v. Ameriquest Mortgage Co*, 63 A.D.3d 769, 881 N.Y.S.3d 152 (2d Dep't 2009).

Lastly, the Trustee contends that even if the recordation of the Second Mortgage could furnish constructive notice of the First Mortgage, equity should bar Chase from relying on constructive notice to prevent avoidance of the First Mortgage. The Trustee advises that constructive notice imputed by recordation of real property transfers is an equitable doctrine. *See Stern v. Continental Assurance Co. (In re Ryan)*, 851 F.2d 502, 506 (1st Cir. 1988). He then posits that one who seeks equity must do equity. Chase failed to take advantage of its own reference to a senior lien on the 84th Street Property in the Second Mortgage to recognize and correct pre-petition the erroneous recording of the First Mortgage against the 83rd Street Property. Accordingly, the Trustee argues that it would be inequitable to impute constructive notice to the Trustee based on the Second Mortgage. This argument is unpersuasive. A trustee has the burden of demonstrating bona fide purchaser status under § 544(a)(3). We are unaware of any authority for the proposition that a court could disband such requirement when a trustee seeks to strip a lender of its collateral under § 544(a)(3). On the contrary, it may well be

inequitable to strip Chase of its collateral and secured status when it was Chase's $280,000 loan that provided the funds necessary for the Debtors' purchase of the 84th Street Property.

**V.**

Based on all of the foregoing; it is hereby

**ORDERED**, that the Trustee's motion seeking to avoid and preserve for the benefit of the estate the First Mortgage held by Chase on the real property located at 30-36 84th Street, East Elmhurst, New York is denied; and it is further

**ORDERED**, that Chase's motion to dismiss the Trustee's complaint is granted.



Dated: Brooklyn, New York  
       February 21, 2012

**Jerome Feller**  
**United States Bankruptcy Judge**